UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-3 EVAN ALEXANDER JOHNSON,

    Defendant.
_____/

Case No. 14-20119

Honorable Nancy G. Edmunds

**ORDER AND OPINION GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [543]**

Pending before the Court is Defendant Evan Johnson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 543.)[1] Defendant challenges his conviction and sentence on count six of the indictment—use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Defendant contends he is entitled to relief under 28 U.S.C. § 2255 in light of the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019), which holds that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Defendant argues that his conviction and sentence on count six are unconstitutional because the underlying offense does not qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A), and the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague pursuant to *Davis*. In addition, Defendant claims his counsel was ineffective in failing to raise certain

---

[1] After filing his motion to vacate, Defendant filed several motions which are also presently pending before the Court. These motions include Defendant's motion to amend (ECF No. 548), motion for appointment of counsel (ECF No. 550), motion to amend (ECF No. 552), motion to correct the docket (ECF No. 554), motion to expedite his motion for appointment of counsel (ECF No. 557), and his motion to supplement his motion to vacate (560). Defendant's motions to amend and supplement his motion to vacate are hereby **GRANTED**, and the Court will consider the arguments raised therein. The remaining motions are **DENIED** as Defendant has failed to show he is entitled to the relief he seeks.

1

challenges to his sentence and conviction. After reviewing the briefing of the parties, and the record in this case, the Court finds that an evidentiary hearing is not needed. For the reasons stated below, Defendant's motion is **GRANTED IN PART and DENIED IN PART**.

## I.     Background

This case, and Defendant's convictions, arise out of Defendant's membership and participation in the Bounty Hunter Bloods gang.[2] After a month-long jury trial, Defendant was convicted of RICO conspiracy in violation of 18 U.S.C. § 1962(d) and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). In a special verdict, the jury found that Defendant agreed and intended that at least one other conspirator would commit a racketeering act of robbery. This finding enabled the Court to increase Defendant's sentence beyond the twenty-year statutory maximum.

On April 12, 2016, the Court sentenced Defendant to 300 months in prison for the RICO conspiracy charge (count one) and 60 months in prison for the firearms charge (count six). The Court ordered that the sentences be served consecutively. On March 02, 2018, the Sixth Circuit issued its opinion affirming Defendant's conviction and sentence. And on May 02, 2019, Defendant filed the instant motion to vacate his sentence under 28 U.S.C. § 2255.[3] The motion has been fully briefed and is ripe for consideration by the Court.

## II.     Standard of Review

---

[2] The underlying facts and details of this case are chronicled throughout the record, including in this Court's order denying Defendant's motion for acquittal, *see United States v. Jefferson*, No. 14-20119, 2016 WL 337021, at *2 (E.D. Mich. Jan. 28, 2016), and the Sixth Circuit's opinion affirming Defendant's conviction. *See United States v. Johnson*, 726 F. App'x 393, 396 (6th Cir. 2018), *cert. granted, judgment vacated sub nom. Jefferson v. United States*, 139 S. Ct. 2772 (2019).

[3] As noted, Defendant subsequently filed several motions to amend and supplement his §2255 motion as well as motions for the appointment of counsel in connection with these proceedings. These motions are also resolved by this opinion and order.

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  To prevail on the motion, Defendant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "It is well-established that a § 2255 motion 'is not a substitute for direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citations omitted).  "[C]laims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  And "it is equally well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

### III.    Analysis

#### A. Defendant's 924(c) conviction should be vacated.

Defendant argues his conviction on count six for violation of 18 U.S.C. § 924(c)—possession of a firearm in furtherance of a crime of violence—must be vacated under the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019).  In *Davis*, the Supreme Court struck down the residual clause in § 924(c)(3)(B) as unconstitutionally vague. *See Davis*, 139 S.Ct. at 2336.  This means that in order to qualify

3

as a crime of violence under § 924(c), Defendant's underlying crime must have as an element "the use, attempted use, or threatened use of physical force against the person or property of another." *See id.*; 18 U.S.C. § 924(c)(3)(A).

The Court agrees with Defendant that his conviction on count six should be vacated in light of the Supreme Court's decision in *Davis*. And the Government concedes this point. Count six charged Defendant with possession of a firearm in furtherance of the RICO conspiracy. But the jury's finding of Defendant's guilt as to the RICO conspiracy charged in count one did not establish as an element of that crime that physical force was necessarily used, attempted, or threatened by Defendant. Thus Defendant's underlying offense does not satisfy § 924(c)(3)(A)'s use of force clause. And because the Supreme Court invalidated § 924(c)(3)(B)'s residual clause in *Davis,* Defendant's § 924(c) conviction cannot stand.

However, the Court disagrees with Defendant that he is entitled to an entirely new sentence under the circumstances presented here. 28 U.S.C. § 2255 affords district judges "wide berth in choosing the proper scope of post-2255 proceedings." *Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013) (quoting *United States v. Jones*, 114 F.3d 896, 897 (9th Cir.1997)). When a § 2255 motion is found to be meritorious, the Court, in exercising its discretion, may grant relief in one of four forms: (1) discharge the prisoner, (2) resentence the prisoner, (3) grant a new trial, or (4) correct the sentence. *Id.*

Here, it would certainly be within the Court's discretion to vacate Defendant's original sentence, conduct a new sentencing hearing, and resentence Defendant on count one. Indeed, as the Government points out, the Court could vacate the original judgment and resentence Defendant to an even lengthier term of imprisonment on count one under

the circumstances presented here. But the Court does not believe that approach is necessary at this time. Instead, having considered the entire record in this matter as well as the sentencing factors described in 18 U.S.C. § 3553(a), the Court, in the exercise of its discretion, finds that the proper approach is to correct Defendant's sentence by vacating Defendant's § 924(c) conviction and leaving Defendant's 300-month sentence on count one intact.

### B. Defendant's ineffective assistance of counsel claims.

In addition to challenging his § 924(c) conviction, Defendant raises three ineffective assistance of counsel challenges to his conviction and sentence on count one. To prevail on his ineffective assistance of counsel claims, Defendant must satisfy a two-prong test. First, he must demonstrate that, considering all of the circumstances, his counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, he must show that such performance prejudiced his defense. *Id.* Having considered the entire record in this matter, the Court finds Defendant fails to meet his burden to establish that his counsel was ineffective.

Defendant first claims his counsel was ineffective because counsel failed to challenge whether armed robbery under Michigan State law qualifies as a RICO predicate act. But as the Sixth Circuit previously found in connection with Defendant's direct appeal, "a robbery in violation of Michigan law *is* a racketeering act of robbery." *See United States v. Johnson*, 726 F. App'x 393, 409 (6th Cir. 2018) (emphasis in original). And this Court also previously reached the same conclusion. *See United States v. Jefferson*, No. 14-20119, 2016 WL 337021, at *5 (E.D. Mich. Jan. 28, 2016), *aff'd sub nom. United States*

5

*v. Johnson*, 726 F. App'x 393 (6th Cir. 2018), *cert. granted, judgment vacated sub nom. Jefferson v. United States*, 139 S. Ct. 2772 (2019) ("Armed robbery is a 'racketeering activity', 18 U.S.C. § 1961(1), which carries a maximum penalty of life imprisonment under Michigan law. Mich. Comp. Laws. § 750.529."). Defendant's counsel was not ineffective in failing to raise this meritless argument.

Second, Defendant contends his Counsel was ineffective in failing to challenge whether carjacking under Michigan law qualifies as a RICO predicate act of robbery. This claim is similarly without merit. As the Government points out, carjacking under Michigan law is a type of unarmed robbery—unarmed robbery of a vehicle. And Defendant provides no authority for the proposition that carjacking under Michigan law does not qualify as a RICO predicate act of robbery. Defendant's counsel was not ineffective in failing to raise this argument.

Finally, Defendant argues his counsel was ineffective in failing to object to the Court's consideration of his 2010 state court marijuana possession conviction in calculating his guideline sentence. According to Defendant, he was not represented by counsel in connection with the state court conviction and therefore it should not have been considered in connection with his sentencing in this case. He claims he told his counsel about this fact, but counsel failed to raise an objection, rendering the representation ineffective.

Defendant is correct that prior a conviction obtained in state or federal court in violation of a defendant's Sixth Amendment right to counsel cannot be used in a subsequent proceeding "to support guilt or enhance punishment for another offense." *See United States v. Bryant*, 136 S. Ct. 1954, 1956–57 (2016) (quoting *Burgett v. Texas,* 389

6

U.S. 109 (1967)). However, an uncounseled misdemeanor conviction may be considered by the district court in sentencing a defendant for a subsequent offense so long as the previous uncounseled misdemeanor conviction did not result in a sentence of imprisonment. *See id.* at 1963 (discussing *Nichols v. United States*, 511 U.S. 738, 738, (1994)). This is because a defendant charged with a misdemeanor has no constitutional right to counsel where no sentence of imprisonment is imposed. *See id.*

The state court conviction at issue here is Defendant's prior misdemeanor marijuana possession conviction. His punishment for the misdemeanor conviction was a $254 fine. Defendant did not receive jail time for this misdemeanor conviction. That Defendant ultimately did serve time in prison in connection with additional counts of contempt of court arising from his uncounseled misdemeanor conviction does not change the analysis. Under *Nichols,* it was not improper for this Court to consider Defendant's uncounseled misdemeanor marijuana possession conviction in connection with his sentencing and Defendant's counsel was not ineffective in failing to raise such an objection.

### IV. Conclusion

For the foregoing reasons, Defendant's 28 U.S.C. § 2255 motion is **GRANTED IN PART AND DENIED IN PART**. In accordance with this opinion, the Court will enter a corrected judgment vacating Defendant's sentence on count six. Defendant's conviction and sentence on count one will not be altered.

**SO ORDERED.**

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  October 22, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 22, 2020, by electronic and/or ordinary mail.

S/Lisa Bartlett<br>
Case Manager