UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

EVAN ALEXANDER JOHNSON (D-3),

      Defendant.

No. 14-20119

Honorable Nancy G. Edmunds

_____/

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND GRANTING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On October 22, 2020, the Court entered an opinion and order granting in part and denying in part Defendant's motion for post-conviction relief under 28 U.S.C. § 2255.  (ECF No. 578.)  An amended judgment was entered that day. (ECF No. 579.) Defendant later filed an application for a certificate of appealability with the Sixth Circuit of Appeals, which the Sixth Circuit has treated as a notice of appeal.  (ECF No. 583.)  The matter is now before the Court on Defendant's application for leave to proceed in forma pauperis on appeal.  (ECF No. 587.)

**I.      Certificate of Appealability**

As a preliminary matter, the Court addresses the issue of a certificate of appealability.  *See* Fed. R. App. P. 22(b) (stating that a petitioner cannot take an appeal in a § 2255 proceeding unless a certificate of appealability is issued under 28 U.S.C. § 2253(c)).  Because Defendant's § 2255 petition led to an amended judgment, Defendant does not need a certificate of appealability "to challenge *the relief granted*."

1

*See Ajan v. United States*, 731 F.3d 629, 631 (6th Cir. 2013) (internal quotation marks and citation omitted).  A petitioner who appeals an amended judgment does, however, need a certificate of appealability "in order to challenge the district court's decision *not to grant relief* on some of his § 2255 claims."  *See United States v. Burton*, 802 F. App'x 896, 904 (6th Cir. 2020).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citation omitted).  The Court finds that Defendant has failed to show that reasonable jurists could debate whether his motion—to the extent it was denied—should have been resolved in a different matter.  Accordingly, the Court denies him a certificate of appealability on the claims that were denied.

## II.    In Forma Pauperis on Appeal

The Court now turns to Defendant's application to proceed in forma pauperis on appeal.  Defendant was previously found qualified for the appointment of counsel under the Criminal Justice Act.  Under 28 U.S.C. § 1915(a)(3), however, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The Supreme Court has interpreted "good faith" to mean "not frivolous."  *Coppedege v. United States*, 369 U.S. 438, 445 (1962).  Whether or not an appeal is taken in good faith must be judged by an objective standard.  *Id.*

Because Defendant's motion for post-conviction relief was granted in part and Defendant is entitled to challenge the relief granted, the Court finds that Defendant's

appeal would not be frivolous.  As an appeal can be taken in good faith, under §

1915(a)(3), it may be taken in forma pauperis.  Accordingly, the Court grants

Defendant's application to proceed in forma pauperis on appeal.

## III.    Conclusion

For the reasons set forth above, IT IS ORDERED that a certificate of

appealability is DENIED.  IT IS FURTHER ORDERED that Defendant's application to

proceed in forma pauperis on appeal is GRANTED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 19, 2021


I hereby certify that a copy of the foregoing document was served upon counsel of
record on January 19, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager