UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                        Case No. 14-cr-20119

v.                                    Honorable Nancy G. Edmunds

EVAN ALEXANDER JOHNSON, D-3,

    Defendant.

_____/

**ORDER DENYING DEFENDANT'S LETTER REQUEST [31]**

Defendant Evan Alexander Johnson is currently in the custody of the Bureau of Prisons ("BOP") serving a 300-month term of imprisonment imposed in this case. The matter is before the Court on Defendant's letter request. (ECF No. 600.) Defendant requests a copy of the jury instructions that were used in his 2015 criminal trial so that he may file a "numerically successive § 2255 motion."

The statutory provision providing for free transcripts to indigent prisoners is 28 U.S.C. § 753(f), which provides:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title [28 USCS § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose *if the trial judge or a circuit judge certifies that the suit or appeals is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.* Fees for transcripts furnished in other proceedings to persons

1

> permitted to appeal in forma pauperis shall also be paid by the United States *if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).*

Following this rule, the Court is not required to provide transcripts to a defendant before he has asserted a facially viable claim. *See, e.g., United States v. MacCollom*, 426 U.S. 317, 321 (1976). Here, as noted in two prior orders issued by the Court, Defendant has failed to show that reasonable jurists could debate whether his initial § 2255 petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Accordingly, Defendant's request for a certificate of appealability (ECF No. 589) as well as his request to supplement his motion for a certificate of appealability (ECF No. 592) were both denied.  Given these prior orders, any subsequent § 2255 filing brought to challenge the district court's decision not to grant relief on some of Defendant's § 2255 claims would be considered frivolous. *See United States v. Burton*, 802 F. App'x 896, 904 (6th Cir. 2020) (requiring a certificate of appealability to challenge a district court's decision not to grant relief on a § 2255 claim); *see also Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 944 (6th Cir. 2013) (defining a "frivolous" appeal as one that is "obviously without merit").

If he so choses, Defendant may purchase the documentation he seeks for a fee. Per Local Rule 80.1, "[a]ll requests for transcripts from any proceeding held in the United States District Court for the Eastern District of Michigan shall be in writing and addressed

to the court reporter for the District Judge before whom the matter was heard."

For the foregoing reasons, Defendant's letter request is DENIED.

SO ORDERED.

                                      s/Nancy G. Edmunds
                                      Nancy G. Edmunds
                                      United States District Judge

Dated: April 3, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 3, 2021, by electronic and/or ordinary mail.

                                      s/Lisa Bartlett
                                      Case Manager