UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EVAN ALEXANDER JOHNSON,

    Defendant.
_____/

Case Number 14-20119-03

Honorable Nancy G. Edmunds

### ORDER DENYING MOTIONS AND DECLINING TO ISSUE CERTIFICATE OF INNOCENCE [625, 626, 627, 629]

Before the Court are Defendant Evan Alexander Johnson's petition for certificate of innocence and related motions for evidentiary hearing and discovery, and to proceed in forma pauperis. (ECF Nos. 625, 626, 627, 629.) Defendant seeks a certificate of innocence, and evidence in support of his claimed innocence, so that he may sue the United States under 28 U.S.C. § 2513. The Government filed a response in opposition to Defendant's motion and Defendant filed a reply. (ECF Nos. 635, 638.) The Court declines to hold a hearing. *See* E.D. Mich. L.R. 7.1(f).

I. **Background**

For almost a decade, Defendant oversaw one of Detroit's largest Bloods gangs, the Bounty Hunters. As one of the Bounty Hunters' leaders, he authorized violence against rival gangs, supplied guns to the gang's members for robberies and other violent crimes, encouraged and promoted gang members who participated in illegal and violent activities, and covered up the gang's involvement in crimes. Defendant was indicted and eventually convicted of RICO conspiracy in violation of 18 U.S.C. § 1962(d) and

1

possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). This Court sentenced him to 300 months in prison for RICO conspiracy, plus 60 months in prison for the accompanying gun conviction. (ECF No. 450.) The Sixth Circuit affirmed Defendant's convictions and sentence. *United States v. Johnson*, 726 F. App'x 393 (6th Cir. 2018).

The following year, however, the Supreme Court struck down the residual clause in § 924(c)(3)(B)—part of § 924(c)'s "crime of violence" definition—as unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019). In a motion brought under § 2255, Defendant argued that his § 924(c) conviction should be vacated under *Davis* because he was not convicted of an underlying offense that satisfied § 924(c)(3)(A)'s use-of-force clause. The Court agreed and granted Defendant's motion in part vacating his § 924(c) conviction and the accompanying 60-month sentence. (ECF No. 578.) Defendant's conviction for RICO Conspiracy and the 300-month sentence were left intact. (*Id.*) Defendant now petitions the Court for a "certificate of innocence" and moves for an evidentiary hearing and discovery. (ECF Nos. 625, 626, 629.)

**II.     Law and Analysis**

The federal unjust conviction statute, 28 U.S.C. § 2513, permits exonerated federal defendants to sue the United States for damages. But the statute applies only to the "truly innocent." *United States v. Grubbs*, 773 F.3d 726, 732 (6th Cir. 2014). Thus, before filing suit, a defendant must obtain a "certificate of innocence" from the court of conviction. § 2513(b). Section 2513(a) "set[s] a high bar" for obtaining that certificate. *Abu-Shawish v. United States*, 898 F.3d 726, 733 (7th Cir. 2018). First, the defendant must show that his conviction was reversed or set aside based on factual innocence. § 2513(a)(1). He

must then show that he did not commit any of the acts charged or that his actions did not constitute any other state or federal offense. § 2513(a)(2). Simply pointing out that a § 924(c) conviction was set aside after *Davis* is insufficient to satisfy § 2513. *See Sweeney v. United States*, No. 4:20-cv-00170, 2021 WL 5845040 (S.D. Ind. Dec. 9, 2021); *Jackson v. United States*, No. 20-973, 2020 WL 4717968 (Fed. Cl. Aug. 13, 2020).

Defendant's request for a certificate of innocence does not satisfy the necessary criteria. His § 924(c) conviction was not vacated "on the ground that he is not guilty of the offense," § 2513(a)(1); it was vacated because the Supreme Court held that part of the § 924(c) statute is unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319 (2019). Moreover, the trial evidence showed beyond a reasonable doubt that Defendant "commit[ted] . . . the acts" underlying his conviction, § 2513(a)(2), by supplying guns for Bounty Hunter gang members to use in committing violent crimes and retaliating against rival gangs. That same conduct remains criminally culpable as part of Defendant's still-valid conviction for committing a RICO conspiracy.

Defendant has also failed to show he is entitled to an evidentiary hearing or discovery. He supplies no authority that would permit discovery and fails to identify a question of fact that would entitle him to any relief.

### III.   Conclusion

For the foregoing reasons, Defendant's Petition for Certificate of Innocence (ECF No. 626) and Motions for Evidentiary Hearing and Discovery (ECF Nos. 625, 629) are DENIED. His motion to proceed in forma pauperis is DENIED AS MOOT. (ECF No. 627.)

**SO ORDERED.**

Dated: January 26, 2023

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

3

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2023, by electronic and/or ordinary mail.

                                       s/Lisa Bartlett
                                       Lisa Bartlett
                                       Case Manager