UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

EVAN ALEXANDER JOHNSON (D-3),

    Defendant-Petitioner.
_____/

Case No. 14-20119

Honorable Nancy G. Edmunds

**OPINION AND ORDER TRANSFERRING DEFENDANT'S MOTIONS
(ECF NOS. 666, 668, 669, 680) TO THE SIXTH CIRCUIT COURT OF APPEALS**

The matter is before the Court on Defendant Evan Alexander Johnson's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 666) as well as three related motions, Defendant's motions for discovery (ECF No. 668), for an evidentiary hearing (ECF No. 669), and to supplement his motion to vacate (ECF No. 680). For the reasons below, the Court TRANSFERS the motions to the Sixth Circuit Court of Appeals to determine whether Defendant may file a second or successive motion under § 2255.

This case arises out of Defendant's membership and participation in the Bounty Hunters Bloods gang. After a month-long jury trial, Defendant was convicted of RICO conspiracy in violation of 18 U.S.C. § 1962(d) (count one) and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (count six). (*See* ECF No. 367.) On April 12, 2016, the Court sentenced him to 300 months in prison for the RICO conspiracy charge and 60 months in prison for the accompanying firearms charge. (ECF No. 450.) The Sixth Circuit affirmed Defendant's convictions and sentence. *See United States v. Johnson*, 726 F. App'x 393, 411 (6th Cir. 2018).

1

The next year, the Supreme Court invalidated the definition of a "crime of violence" contained in § 924(c)(3)'s residual clause, leaving only the elements clause intact. *See United States v. Davis*, 588 U.S. 445, 470 (2019). In a motion brought under § 2255, Defendant argued in part that his § 924(c) conviction should be vacated under *Davis* because he was not convicted of an offense that satisfied the elements clause. The Court agreed and granted Defendant's motion as to this claim only. *See United States v. Johnson*, No. 14-20119, 2020 U.S. Dist. LEXIS 196307, at *4-5 (E.D. Mich. Oct. 22, 2020). The Court refused Defendant's request for a de novo resentencing and instead "correct[ed]" his sentence by vacating the 60-month sentence for the § 924(c) conviction and leaving the 300-month sentence on the RICO conspiracy conviction intact. *Id.* at *5-6. The Court stated it would enter a corrected judgment vacating Defendant's sentence on count six and subsequently did so. *Id.* at *9; *see* ECF No. 579. On appeal, the Sixth Circuit affirmed. *See Johnson v. United States*, 64 F.4th 715, 731 (6th Cir. 2023). In doing so, the court explicitly rejected the argument that this Court erred by unilaterally choosing to correct Defendant's sentence rather than conduct a full de novo resentencing after granting his § 2255 motion on the § 924(c) claim. *Id.* at 730-31. Defendant now moves once again for relief under § 2255.

An individual seeking to file a second or successive motion under § 2255 must first ask the appropriate court of appeals for an order authorizing a district court to consider the petition. *See* § 2255(h); § 2244(b)(3)(A); S*tewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a defendant files a second or successive motion to vacate his sentence in the district court without preauthorization from the court of appeals, the district court must transfer the motion to the court of appeals. *See* 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45,

47 (6th Cir. 1997). Not all second-in-time motions, however, constitute "second or successive" petitions that are subject to this requirement. *See In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

Here, Defendant states, and the government agrees, that because the vacatur of Defendant's § 924(c) conviction resulted in a "new" judgment after his initial § 2255 motion, he does not need the Sixth Circuit's permission to file this second-in-time § 2255 motion. (*See* ECF No. 666, PageID.8341; ECF No. 671, PageID.8377.) But while a habeas petition challenging a new judgment entered after a full resentencing is not a "second or successive" petition, *Magwood v. Patterson*, 561 U.S. 320, 342 (2010), a limited resentencing creates a new judgment only when it results in "[a] new, worse-than-before, sentence," not when it benefits the prisoner, *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016). Moreover, amended judgments entered "when the court corrects a clerical error, such as a discrepancy between the court's oral pronouncements and its paper records," are not new judgments. *In re Carson*, No. 25-3094, 2025 U.S. App. LEXIS 13648, at *5-6 (6th Cir. June 3, 2025) (citing *In re Stansell*, 828 F.3d 412, 420 (6th Cir. 2016)).

Following his previous § 2255 motion, Defendant was not resentenced; nor did he receive a new, worse-than-before sentence. In fact, when granting relief, this Court noted that it was simply "correct[ing]" Defendant's sentence, *see Johnson*, 2020 U.S. Dist. LEXIS 196307, at *6, and on appeal, the Sixth Circuit found that this was appropriate, explaining that a "court corrects a sentence when it does no more than mechanically vacate unlawful convictions and accompanying sentences," *see Johnson*, 64 F.4th at 730 (quotation marks and citation omitted). Thus, the Court finds Defendant's § 2255 motion to be a second or successive petition that must be transferred to the Sixth Circuit. Although the government

3

does not seek transfer of this case, this issue cannot be waived because it goes to this Court's subject matter jurisdiction and its power to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146-47 (E.D. Mich. 1996); Fed. R. Civ. P. 12(h)(3).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall transfer Defendant's § 2255 motion, along with the related motions, to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), for a determination of whether Defendant can file a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 9, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 9, 2025, by electronic and/or ordinary mail.

s/Marlena Williams
Case Manager